PRICE, Judge.
Willie Harden and his wife, Hattie Harden, brought this action, seeking to recover for personal injuries, property damage and other expenses incurred as a result of an automobile accident occurring on November 10, 1968, in Ouachita Parish. The named defendants are Alvin H. Smith, Herman A. Smith and Houston Fire and Casualty Company, the liability insurer of the automobile owned by Herman A. Smith.
The accident giving rise to this action occurred at or near the intersection of U. S. Highway 80 and the Stubbs McCormick Road, approximately seven miles east of Monroe. At about 2:00 o’clock, A. M. on the date of the accident, Willie Harden was driving his 1961 Ford automobile westerly on Highway 80, intending to make a left turn into the Stubbs McCormick Road. As another car was approaching from the opposite direction at this time, Harden braked his vehicle to allow the approaching car to pass. While in the stopped position in the right-hand lane, the Harden car was struck from the rear by the 1964 Rambler driven by Alvin A. Smith.
Plaintiffs accuse Smith of negligence in driving at an excessive rate of speed, *221 failing to keep an appropriate lookout, not having his car under control, and driving an automobile while under the influence of intoxicating beverages. Plaintiffs joined Herman A. Smith the father of Alvin Smith and owner of the Rambler automobile, as a defendant, alleging that he was present in the car and knowingly permitted Alvin Smith to drive in an intoxicated condition. Houston Fire and Casualty Company is joined as defendant as liability insurer of the Smith vehicle.
Defendants, in answer to plaintiffs’ petition, deny any negligence on the part of Alvin Smith, and specially plead the doctrine of contributory negligence against Willie Harden for bringing his vehicle to a stop on an open highway without adequate signal or warning to other motorists. Hattie Harden is alleged to have assumed the risk of injury by remaining as a passenger in a vehicle that had come to a stop on an open highway, at night, where traffic was congested, knowing the danger that would result under these conditions.
After a trial on the merits, the trial judge found the accident was caused solely by the negligence of Alvin Smith and judgment was rendered against Smith and Houston Fire and Casualty awarding Hattie Harden the sum of $1,300.00 for her personal injuries and Willie Harden the sum of $663.62 for automobile repairs and medical expenses paid on behalf of his wife. The court rejected any claim against Herman A. Smith as it found no evidence to sustain plaintiffs’ allegations that this defendant was in the automobile at the time of the accident or possessed any knowledge of his son’s activities which would render him liable.
Plaintiffs perfected this devolutive appeal, assigning as error the inadequacy of the amount awarded to Hattie Harden for personal injuries and the failure of the court to allow in its award to Willie Harden the sum of $120.00 allegedly paid for nursing care in connection with his wife’s convalescence. No complaint is made to the action of the trial court in rejecting the demand against defendant, Herman A. Smith.
The defendants cast in the judgment answered plaintiffs’ appeal, asserting that the court below was in error in finding liability on the part of defendants, and, alternatively, that should this court refuse to reverse the trial judge’s finding of liability, that the amount awarded Hattie Harden is excessive and should be reduced to $750.00.
We find the evidence in the record sustains the trial judge’s finding on the question of liability. Willie Harden testified he activated his left turn indicator some distance prior to reaching the intersection where he intended to execute a left turn. He stated he saw the Smith car a good distance behind him at the time he first began signaling his intended turn.
The testimony of the drivers of two other vehicles, which contributed to setting the scene for the accident, was contradictory on whether Harden gave a left turn signal. W. F. Shaw was proceeding easterly on U. S. Highway 80, approaching the Stubbs McCormick intersection at about the same time the Harden vehicle was approaching from the westerly direction. Shaw testified he intended to turn right at the intersection but could not immediately turn into the intersecting road as another vehicle headed in a southerly direction was waiting for the traffic to clear to make a turn onto Highway 80. Shaw testified that he signaled his intention to turn and brought his vehicle to a stop to allow the intersection to clear before making his turn. At about this same time he saw the Harden automobile approaching with its left turn indicator blinking. He further testified that he and Harden began stopping at about the same time and as he stopped he saw the Smith vehicle trailing Harden at a distance of approximately 300 yards. He was of the opinion the Smith car was traveling at a high rate of speed.
Russell Dean Neal was the driver of the car headed southerly, waiting to execute a left turn onto Highway 80 to proceed to *222 Monroe. His testimony was elicited on behalf of defendants and accused Harden of making a sudden decision to attempt a left turn without giving any warning or signal. He testified that the Smith car was only 55 to 60 yards behind Harden at the time Harden stopped, and that both vehicles were traveling at about the same speed.
There were two occupants of the Harden vehicle other than Harden and his wife. Their testimony, although contradictory in some respects on some of the less important facts, was generally corroborative of the version testified to by Willie Harden and Shaw.
The defendant, Alvin Smith, testified he and the other occupants of his vehicle had been to Rayville to a night club and were returning to Monroe when the accident happened. He contends that he was within 100 yards of Harden’s car when he first realized it was stopping and that he attempted to cut to the right to avoid a collision, but was unsuccessful. He admitted having consumed a quantity of alcoholic beverages during the course of the evening. Neither of the two occupants of his vehicle were available to' testify at the trial.
The trial judge in his very comprehensive reasons for judgment found that the evidence was conflicting on whether Harden gave a signal befóre stopping. However, he was of the opinion that, with the exercise of a reasonable lookout, Smith should have seen the situation developing in the highway in front of him in ample time to have taken proper precautions to have avoided the accident. The court thus found him guilty of negligence in failing to keep a proper lookout and failing to maintain proper control over his vehicle, which was the proximate cause of the accident.
The court made no finding of fact as to whether Harden gave a signal to turn left, as the court was of the opinion this omission, had it occurred, would not have been a contributing cause of this accident. We pretermit any review of the correctness of this conclusion as we do not believe the defendants have borne the burden of proving by the preponderance of the evidence that Harden failed to give the signal. Contributory negligence is an affirmative defense and the burden of proving same is on the party asserting the doctrine as a defense. Neither do we find any evidence to sustain defendants’ plea of assumption of the risk against plaintiff, Hattie Harden.
Hattie Harden was seated on the right of the back seat of the vehicle and was thrown onto the floor by the collision, according to the testimony of the occupants of the Harden car. She was three months pregnant at this time. She was taken to St. Francis Hospital by ambulance, where she was examined by her obstetrician, Dr. G. A. Verino. He found no symptoms indicating any complications of her pregnancy because of the accident. Dr. Frank Cline, an orthopedic surgeon, treated Mrs. Harden for the injuries received in the accident. He began treating her on the second day after the accident and diagnosed her injury as a musculoligamentous strain of the supporting structures of the neck and probably the muscles of the- dorsal region. He suggested traction be used by Mrs. Harden while in the hospital, but could not recall whether it was actually applied. It is to be noted that plaintiffs made no mention of Mrs. Harden having been subjected to traction. Mrs. Harden was treated for four or five days in the hospital, during which time she was given oral medication with muscle relaxant for pain associated with her cervical injury. Her period of convalescence- was approximately two months, after which time Dr. Cline found her to i>e free of previous symptoms.
The trial judge summed up his findings as to the extent of Mrs. Harden’s injuries as follows:
“In this case, the court concludes that Mrs. Harden suffered a muscle strain to the cervical and dorsal regions of her body which caused substantial pain and acute symptoms for two or three days but which responded dramatically to *223 treatment. In only nineteen days, full motion had returned, muscle spasm had diminished greatly if not resolved completely and even subjective complaints had lessened substantially. All objective symptoms had completely cleared by the time two months had elapsed; and there is no evidence of treatment other than heat and muscle relaxants following discharge from the hospital. From November 29, 1969, the record is devoid of credible evidence indicating anything more than mild and occasional discomfort, with no real disability not associated with advancing pregnancy. It is the considered judgment of the court that all the facts and circumstances of this case indicate Mrs. Harden would be justly compensated by an award of $1,300.00 for her injuries.”
Appellants contend that the amount awarded is not sufficient to compensate Mrs. Harden for the pain and suffering endured by reason of this accident, particularly in view of the pregnant condition of Mrs. Harden which caused her to have unusual pain in the remainder of her period of pregnancy and to undergo extreme mental anguish and concern for the normal birth of her expected child. Appellants further contend that she was bedridden for most of the remaining period of her pregnancy and could not carry on her usual household work necessitating the hiring of additional help.
The trial judge in his written reasons found inconsistencies and exaggerations in the testimony of plaintiffs concerning the injuries to Mrs. Harden and thus saw fit to give little weight to their testimony in this regard and to rely entirely on the opinion of the treating physicians.
The evidence in this record does not reflect any abuse of discretion by the trial judge in limiting the weight of the testimony to the appellants because of his finding a lack of credibility on their part. Hattie Harden denied under cross-examination of ever having been a party plaintiff in a tort action within ten years. However, defendants introduced the record in an action filed by these same plaintiffs involving injuries to Mrs. Harden in a bus accident in 1965. In that action similar complaints were made as to complications of her pregnancy as are made in this action. Considerable testimony was given by Mrs. Harden and her husband regarding bleeding and other complications involved in her pregnancy caused by this accident. The treating obstetrician testified she suffered no complications in her pregnancy. It would have been unusual that she would not have complained to the physician had these symptoms appeared.
The trial judge has considerable discretion in making an award for personal injuries, and unless an appellant can show an abuse of this discretion, the award should not be changed by an appellate court. Louisiana Civil Code Article 1934. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149. We recognize that appellant has cited may cases that have awarded larger sums for a somewhat similar injury. However, there are also many cases in which litigants have received smaller awards for similar injuries. We recognize that each case is different and that the size of a personal injury award cannot be justified solely by comparison of awards made in other similar cases. It is not our purpose to attempt to standardize awards for injuries of similar nature. Therefore, we could not say that the amount awarded is insufficient to compensate Mrs. Harden for her injury involved in this accident.
The trial judge rejected Willie Harden’s claim for the sum of $120.00, allegedly paid for someone to stay with his wife while she was in the hospital, as no corroborating evidence was presented. The only evidence offered to prove this amount was the testimony of Harden that he paid this in cash to a relative.
We find no error in the trial court’s requirement that some corroborating evidence should be presented to sustain plaintiff’s *224 burden of proving his claim by a preponderance of the evidence.
For the .foregoing reasons the judgment appealed from is affirmed at appellants’ cost.